{¶ 1} On May 2, 2001, the Muskingum County Grand Jury indicted appellant, Jack Paynter, on eight counts of rape in violation of R.C.2907.02 and three counts of gross sexual imposition in violation of R.C.2907.05. On September 24, 2001, appellant pled guilty as charged. By judgment entry filed November 14, 2001, the trial court sentenced appellant to a total aggregate term of six years in prison.
 {¶ 2} On May 1, 2003, appellant filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. By journal entry filed June 20, 2003, the trial court denied said motion without hearing. On appeal, this court reversed the trial court's decision and remanded the matter to the trial court to hold an evidentiary hearing. State v. Paynter, Muskingum App. No. CT2003-0031, 2004-Ohio-844.
 {¶ 3} Upon remand, a hearing was held on May 13, 2004. By decision filed May 17, 2004, the trial court denied appellant's motion to withdraw his guilty plea.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court violated the defendant's due process rights under the 5th, 6th, and 14th amendments to the united states const. and further failing to permit appellant to withdrawal his guilty plea to the charges of eight (8) counts of rape, and three (3) counts of gross sexual imposition."
 II {¶ 6} "The appellant's 6th amendment right to effective assistance of counsel, in violation of the united states constitution 5th, 6th, and 14th amendments, ohio constitution art. I § 10 and 16."
 III {¶ 7} "The trial court errored (sic) in increasing appellant's sentence, with the un-supported/unfounded claim that he contacted by letter a state witness (A.J. Freniere) while on probation."
 I {¶ 8} Appellant claims the trial court erred in denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. We disagree.
 {¶ 9} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 10} During the evidentiary hearing, appellant argued prior to entering his guilty plea, his attorney, Douglas Shaw, Esq., did not fully explain the ramifications of the sexual predator classification. T. at 7-8. Appellant also argued he should not have pled guilty because he did nothing wrong.[1] T. at 8. Appellant denied ever writing a letter to the victim "while on probation" as stated by his probation officer during his sentencing hearing. T. at 9-10. Through his motion, appellant also argued Mr. Shaw failed to contact enough witnesses, failed to contact a physician or obtain medical record for DNA evidence, failed to challenge the sufficiency of the evidence, failed to meet with him to formulate a defense strategy and discuss the plea, and failed to present mitigating evidence. T. at 17-21.
 {¶ 11} Appellant's own testimony contradicts many of these claims. Appellant agreed he told the investigating detective he touched the victim's pubic hairs rather than his stomach. T. at 24. He admitted to meeting with his Mr. Shaw "at least three or four times" before the plea, and met with Mr. Shaw's associate on one occasion. T. at 13.
 {¶ 12} Mr. Shaw testified and he stated he visited appellant in jail "many times" before the plea, at least "five or six personally," and three members of his staff also visited appellant. T. at 31-32. Mr. Shaw stated he participated in discovery, he discussed "potential defense witnesses or defense evidence" with appellant during each visit and he or his staff interviewed witnesses. T. at 30-31, 32-34. Mr. Shaw acknowledged he subjected appellant to a polygraph test and the results indicated appellant was both truthful in part and deceptive part. T. at 34-35. The deceptive answers "had to do with gross sexual imposition or the sexual touchings." T. at 35.
 {¶ 13} Mr. Shaw explained the defense strategy was to request a suppression hearing on appellant's statement to the investigating detective regarding the touching of the pubic hairs and if the trial court permitted the statement, he would argue the touching was mere horseplay, "not at all sexual." T. at 37. A suppression hearing was held and the trial court permitted the statement. Id. Mr. Shaw investigated the victim's motive to lie and found it to be unsubstantiated. T. at 38.
 {¶ 14} Mr. Shaw stated he advised appellant of the likelihood of a twenty year sentence versus the possibility of a five year sentence. T. at 39. Prior to the plea, Mr. Shaw had a "detailed conversation" with appellant "about what would happen if there were to be a plea." T. at 40. Mr. Shaw discussed the guilty plea form with appellant and in fact had a copy with "underlined things for emphasis." T. at 41. Mr. Shaw prepared a sentencing memorandum for the trial court. State's Exhibit 5. During the plea hearing, the trial court was informed of appellant's hearing impairment and "people elevated their voices to facilitate him hearing." T. at 42; State's Exhibit 3. Mr. Shaw testified he explained the sexual predator law to appellant. T. at 49-50; State's Exhibit 4.
 {¶ 15} The state recommended five years, but the trial court sentenced appellant to six years. The transcript of the plea hearing, State's Exhibit 3, and the plea form signed by appellant, State's Exhibit 2, indicate the trial court was not bound by the state's recommendation. The trial court explained in detail the ramifications of the sexual predator classification. State's Exhibit 3 at 13. It was the trial court who mentioned the letters from appellant to the victim. State's Exhibit 4 at 13. Following sentencing, Mr. Shaw made a motion to reconsider the sentence. See, Motion to Reconsider Sentence filed October 30, 2001.
 {¶ 16} Following the hearing, the trial court concluded there was no basis for allowing the withdrawal of the plea, finding appellant was "well informed and understood what he was doing." See, Decision filed May 17, 2004. We concur with this analysis. Most of appellant's complaints are not substantiated and are, in fact, refuted by the record. Appellant received a suppression hearing, and the plea form and plea hearing transcript clearly establish he was informed of the ramifications of the plea and the sexual predator classification and the trial court's autonomy to determine sentencing. No evidence was presented to substantiate a claim of manifest injustice.
 {¶ 17} Upon review, we find the trial court did not err in denying appellant's motion to withdraw his guilty plea.
 {¶ 18} Assignment of Error I is denied.
 II, III {¶ 19} These assignments of error involve matters not properly before this court. In both of these assignments, appellant raises issues available on direct appeal or under App.R. 26. Therefore, they are governed by the doctrine of res judicata: "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus.
 {¶ 20} Assignments of Error II and III are denied.
 {¶ 21} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.
[1] Appellant claims he touched the victim on the stomach only, not the genitals.